IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY; U.S. FOOD AND DRUG ADMINISTRATION; NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION; WHITE HOUSE OFFICE OF MANAGEMENT AND BUDGET; U.S. DEPARTMENT OF THE INTERIOR; BUREAU OF LAND MANAGEMENT; BUREAU OF RECLAMATION; U.S. FISH AND WILDLIFE SERVICE; OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT; U.S. FOREST SERVICE; and U.S. DEPARTMENT OF JUSTICE, <br><br> Defendants. | Case No. 17-cv-4084 <br> ECF Case |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

# INTRODUCTION

1. Plaintiff Natural Resources Defense Council, Inc. (NRDC) brings this suit to compel the federal government to disclose communications between then-President-elect Donald Trump's transition team and several federal agencies charged with safeguarding the environment and public health. The defendant agencies' failure to release responsive records violates the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and deprives the public of critical information regarding the administration's policies with respect to implementation and enforcement of bedrock health and environmental laws.

2. The transition of power from one President to another is a pivotal time in our democratic system. During this period, the incoming administration sets the foundation for future policymaking, integrates the new President's likely appointees, and ensures the continuation of vital federal functions. The transition is primarily paid for by American taxpayers.

3. Between the November 2016 election and Trump's inauguration in January 2017, members of Trump's transition team communicated with federal agency officials to gather information and lay the groundwork for the new administration's policy priorities. In early December 2016, the Washington Post reported that the transition team asked the Department of Energy for a list of names of employees who had participated in international climate talks or worked

on domestic efforts to cut carbon output.[1] Approximately a week after that, the Post reported that the Trump transition team requested that the Department of State report how much money the department contributes annually to "international environmental organizations in which the department participates."[2]

4. The press has also reported that the Trump transition team included "secret" members who played a role in defining the Trump administration's priorities and producing an "action plan" for the U.S. Environmental Protection Agency.[3] Climate change denier and JunkScience.com attorney-blogger Steve Milloy was one of the "secret" members.[4]

5. To date, most of the activities of Trump's transition team and the list of "secret" members comprising the team have not been publicly disclosed.

6. On December 22 and 23, 2016, NRDC submitted FOIA requests to several federal agencies seeking records of their communications with Trump's transition team. These agencies include: U.S. Environmental Protection Agency; U.S. Food and Drug Administration; National Oceanic and Atmospheric Administration; White House Office of Management and Budget; U.S. Department

---

[1] Steven Mufson & Juliet Eilperin, *Trump transition team for Energy Department seeks names of employees involved in climate meetings*, Wash. Post (Dec. 9, 2016), http://wapo.st/2hbSDU0?tid=ss_tw&utm_term=.605e7ffea158.

[2] Juliet Eilperin & Carol Morello, *Trump team asks State Dept. what it spends on international environmental efforts*, Wash. Post (Dec. 20, 2016), http://wapo.st/2hnfZpb?tid=ss_tw&utm_term=.4a2e9aed48f4.

[3] Sean Reilly & Amanda Reilly, *Trump team kept some transition members secret*, E&E News (Feb. 24, 2017), https://www.eenews.net/stories/ 1060050546/.

[4] *Id.*

of the Interior and certain of its components and agencies; U.S. Forest Service; and U.S. Department of Justice.

7. The agencies' responses to NRDC's FOIA requests are past due. Agencies are generally required to respond to FOIA requests within twenty working days. *See* 5 U.S.C. § 552(a)(6)(A)(i). The twentieth working day following NRDC's submission of its FOIA requests was January 24, 2017 (for requests sent by e-mail on December 22, 2016); January 25, 2017 (for requests sent by e-mail on December 23, 2016); or January 27, 2017 (for a request sent by certified mail on December 22, 2016, and received by the agency on December 28, 2016).

8. In "unusual circumstances," an agency may extend this time limit by up to ten working days. *Id.* § 552(a)(6)(B)(i). The thirtieth working day following NRDC's submission of its FOIA requests was February 7, 2017 (for requests sent by e-mail on December 22, 2016); February 8, 2017 (for requests sent by e-mail on December 23, 2016); or February 10, 2017 (for a request sent by certified mail on December 22, 2016, and received by the agency on December 28, 2016). In some "unusual circumstances," an agency may ask that a FOIA requester narrow a request or agree to a longer response schedule. *See id.* § 552(a)(6)(B)(ii). NRDC has not agreed to a longer schedule with any of the agencies, and no unusual circumstances justify the agencies' continuing failure to provide final responses.

9. Long after these statutory deadlines passed, only one of the defendant agencies has started to produce responsive records. None of the defendant agencies

has provided a final response indicating whether and why records are being withheld.

10. The public has a pressing interest in the Trump administration's efforts to redirect the activities of federal agencies. The failure to release responsive records violates FOIA and deprives the public of critical information regarding the administration's assaults on the nation's bedrock health and environmental laws.

11. NRDC is entitled to immediate processing of its FOIA requests and the release of all responsive records.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is proper in this district because plaintiff NRDC resides and has its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B).

## PARTIES

14. Plaintiff NRDC is a national, not-for-profit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment. NRDC also publishes in several media channels, including online and in print, and regularly communicates newsworthy information to the public, including information obtained under FOIA.

15. Defendant U.S. Environmental Protection Agency (EPA) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

16. Defendant U.S. Food and Drug Administration (FDA) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

17. Defendant National Oceanic and Atmospheric Administration (NOAA) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

18. Defendant White House Office of Management and Budget (OMB) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

19. Defendant U.S. Department of the Interior (DOI) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks. The Office of the Secretary of the Department of the Interior is a component of DOI. The Office of the Solicitor of the Department of the Interior is a component of DOI.

20. Defendant Bureau of Land Management (BLM) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

21. Defendant Bureau of Reclamation (Reclamation) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

22. Defendant U.S. Fish and Wildlife Service (Wildlife Service) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

23. Defendant Office of Surface Mining Reclamation and Enforcement (Surface Mining) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

24. Defendant U.S. Forest Service (Forest Service) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks.

25. Defendant U.S. Department of Justice (DOJ) is an agency within the meaning of 5 U.S.C. §§ 551(1), 552(f)(1), and has possession or control of documents NRDC seeks. The Environment and Natural Resources Division of the Department of Justice is a component of DOJ.

## FACTUAL BACKGROUND

26. On December 22, 2016, as detailed below, NRDC filed FOIA requests with EPA, FDA, NOAA, and OMB, for records in each agency's possession, custody, or control that are, include, or reflect communications between agency staff and any member of the transition team of President-elect Donald Trump or Vice-President-elect Mike Pence. Each request explained that "transition team(s)" includes, but is

6

not limited to, the staff members described in the Presidential Transition Act of 1963 and all amendments, 3 U.S.C. § 102 *note*. These requests were submitted via an online FOIA portal or sent by certified mail, in accordance with each agency's FOIA regulations and guidance.

27. NRDC submitted a FOIA request to EPA via EPA's online FOIA portal on December 22, 2016 (Att. A). EPA's final response was due by January 24, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 40 C.F.R. § 2.104(a). EPA granted NRDC's fee waiver request on December 29, 2016. On January 17, 2017, EPA notified NRDC that it needed an extension until February 13 for its response. On February 9, 2017, EPA notified NRDC that EPA needed another extension of time. NRDC did not agree to either request. EPA's February 9, 2017 email stated that "it is difficult to predict with certainty how many records may be involved," but "EPA estimates it will be able to complete an initial records search and retrieval for your request by 31 March 2017" and that "[o]f course, we will be working diligently on the request and will provide information to you on a rolling basis, if necessary." In a letter dated March 1, 2017, and transmitted to NRDC by email on March 6, 2017, EPA produced certain materials and reiterated its estimate that it would complete its records search and retrieval by March 31, 2017. EPA's online FOIA portal continues to list March 31, 2017, as the agency's "estimated date of completion."[5] Almost two months after that date, EPA still has not provided a final response to NRDC's FOIA request.

---

[5] *See* FOIA Online, https://foiaonline.regulations.gov/foia/action/public/view/request?objectId=090004d2810b9e80# (last accessed May 31, 2017).

28.     NRDC submitted a FOIA request to FDA via the agency's online FOIA portal on December 22, 2016 (Att. B). FDA's final response was due by January 24, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 21 C.F.R. § 20.41(b). FDA has not sent a final response to NRDC's FOIA request or produced any records.

29.     NRDC submitted a FOIA request to NOAA via the agency's online FOIA portal on December 22, 2016 (Att. C). NOAA's final response was due by January 24, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 15 C.F.R. § 4.6(b). NOAA granted NRDC's fee waiver request on January 5, 2017. On February 21, 2017, NOAA sent NRDC an email indicating that the tracking number for the FOIA request had been changed, "which is normally due to the request being transferred to another agency." Neither NOAA nor the Department of Commerce, the cabinet-level agency under which NOAA is housed, has sent a final response to NRDC's request or produced any records.

30.     NRDC submitted a FOIA request to OMB via certified mail on December 22, 2016 (Att. D). OMB received the request on December 28, 2016 (Att. E), and its final response was due by January 27, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 5 C.F.R. § 1303.10(c). (The U.S. Postal Service confirmed delivery on December 28, 2016. The certified mail return receipt is signed January 12, 2017 (Att. F).) On January 13, 2017, OMB sent NRDC an e-mail indicating that the FOIA request had been logged. OMB has not sent a final response to NRDC's request or produced any records.

31.     On December 23, 2016, as detailed below, NRDC filed FOIA requests with the Department of the Interior and several of its components and agencies (including BLM, Reclamation, Wildlife Service, Surface Mining, and the Office of the Solicitor), the Forest Service, and DOJ, for records in each agency's possession, custody, or control that are, include, or reflect communications between agency staff and any member of the transition team of President-elect Donald Trump or Vice-President-elect Mike Pence. Each request explained that "transition team(s)" includes, but is not limited to, the staff members described in the Presidential Transition Act of 1963 and all amendments, 3 U.S.C. § 102 *note*. These FOIA requests were sent by e-mail or certified mail, in accordance with each agency's FOIA regulations and guidance.

32.     NRDC submitted a FOIA request to BLM via e-mail on December 23, 2016 (Att. G). BLM's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16. On December 28, 2016, BLM informed NRDC that the FOIA request was designated as "Normal track," meaning it "can be processed in six to twenty workdays." BLM has not sent a final response to NRDC's request or produced any records. *See* 43 C.F.R. § 2.24.

33.     NRDC submitted a FOIA request to Reclamation via e-mail on December 23, 2016 (Att. H). Reclamation's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16. On December 28, 2016, Reclamation informed NRDC that the request was placed on the "Complex" track for processing "in twenty-one to sixty workdays." On January 25, 2017, Reclamation

informed NRDC that the FOIA request was being consolidated with others and referred to the DOI Office of the Secretary. Neither Reclamation nor the DOI Office of the Secretary has sent a final response to NRDC's request or produced any records. *See* 43 C.F.R. §§ 2.13, 2.16(b).

34. NRDC submitted a FOIA request to Wildlife Service via e-mail on December 23, 2016 (Att. I). Wildlife Service's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16. On December 27, 2016, Wildlife Service informed NRDC that the FOIA request was being consolidated with others and referred to the DOI Office of the Secretary. Neither Wildlife Service nor the DOI Office of the Secretary has sent a final response to NRDC's request or produced any records. *See* 43 C.F.R. §§ 2.13, 2.16(b).

35. NRDC submitted a FOIA request to Surface Mining via e-mail on December 23, 2016 (Att. J). Surface Mining's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16. Surface Mining has not sent a final response to NRDC's request or produced any records.

36. NRDC submitted a FOIA request to the DOI Office of the Solicitor (DOI-Solicitor) via e-mail on December 23, 2016 (Att. K). DOI-Solicitor's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 43 C.F.R. § 2.16. DOI-Solicitor notified NRDC on December 28, 2016, that NRDC was being classified as an "other use" requester under 43 C.F.R. § 2.39, and that the agency may charge for duplication fees but would not charge review costs. On January 6, 2017, DOI-Solicitor informed NRDC that the DOI Office of the Secretary would be responding

on its behalf to this request. Neither DOI-Solicitor nor the DOI Office of the Secretary has sent a final response to NRDC's request or produced any records. *See id.* § 2.24.

37. NRDC submitted a FOIA request to the Forest Service via e-mail on December 23, 2016 (Att. L). The Forest Service's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. § 1.7(a). On January 6, 2017, the Forest Service notified NRDC that the agency was referring the request to the U.S. Department of Agriculture's FOIA Service Center. NRDC exchanged several e-mails with a U.S. Department of Agriculture employee in January and February, clarifying the scope of the FOIA request. Neither the Forest Service nor the U.S. Department of Agriculture has sent a final response to NRDC's request or produced any records.

38. NRDC submitted a FOIA request to DOJ, through DOJ's Environment and Natural Resources Division, via e-mail on December 23, 2016 (Att. M). DOJ's final response was due by January 25, 2017. 5 U.S.C. § 552(a)(6)(A)(i); 28 C.F.R. § 16.5(c). DOJ has not sent a final response to NRDC's request or produced any records.

39. With each of these FOIA requests, NRDC sought from each agency a waiver of document search, review, and duplication fees on the grounds that disclosure of the requested records is in the public interest because it is "likely to contribute significantly to public understanding of the operations or activities of the government" and is not in NRDC's commercial interest. 5 U.S.C. § 552(a)(4)(A)(iii);

11

*see also* 40 C.F.R. § 2.107(*l*) (EPA); 21 C.F.R. § 20.46 (FDA); 15 C.F.R. 4.11(*l*) (NOAA); 5 C.F.R. § 1303.70 (OMB); 43 C.F.R. § 2.45 (DOI); 7 C.F.R. pt. 1, subpart A, app. A, § 6 (Forest Service); 28 C.F.R. § 16.10(k) (DOJ).

40. NRDC also sought a fee waiver because it qualifies as a "representative of the news media" and the records are not for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 40 C.F.R. § 2.107(b)(6), (c)(1)(iii) (EPA); 21 C.F.R. § 20.45(a)(2) (FDA); 15 C.F.R. § 4.11(b)(6), (c) (NOAA); 5 C.F.R. § 1303.50(c) (OMB); 43 C.F.R. §§ 2.39, 2.70 (DOI); 7 C.F.R. pt. 1, subpart A, app. A, § 5(c) (Forest Service); 28 C.F.R. § 16.10(b)(6), (c) (DOJ).

## CLAIM FOR RELIEF

41. Plaintiff incorporates by reference all preceding paragraphs.

42. NRDC has a statutory right under FOIA to obtain immediately all records responsive to its requests that are not exempt from disclosure.

43. Each defendant agency has violated its statutory duty under FOIA, 5 U.S.C. § 552(a), and the applicable implementing regulations, to release all non-exempt, responsive records to NRDC.

44. Each defendant agency has violated its statutory duty under FOIA, 5 U.S.C. § 552(a)(3)(C), to make a reasonable effort to search for responsive records.

45. Because the defendant agencies failed to comply with FOIA's statutory deadlines, NRDC has a right to obtain responsive records without being assessed any search or duplication fees. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

## REQUEST FOR RELIEF

NRDC respectfully requests that the Court enter judgment against the defendant agencies as follows:

A. Declaring that the agencies have violated FOIA by failing to produce non-exempt records responsive to NRDC's FOIA requests by the statutory deadlines;

B. Ordering the agencies to disclose the requested records to NRDC without further delay, and without charging search or duplication costs;

C. Ordering defendants FDA, OMB, BLM, Reclamation, Wildlife Service, Surface Mining, Forest Service, and DOJ, to grant NRDC's fee waiver requests;

D. Retaining jurisdiction over this case to rule on any assertions by any agency that certain responsive records are exempt from disclosure;

E. Ordering the agencies to produce an index identifying any documents or parts thereof that the agencies withheld and the basis for the withholding, in the event that any agency determines that certain responsive records are exempt from disclosure;

F. Awarding NRDC its costs and reasonable attorneys' fees; and

G. Granting such other relief that the Court considers just and proper.

Dated: May 31, 2017                     Respectfully submitted,

                                        */s/ Vivian H.W. Wang*
                                        Vivian H.W. Wang
                                        Natural Resources Defense Council
                                        40 West 20th Street
                                        New York, NY 10011
                                        Tel.: (212) 727-4477
                                        Fax: (212) 795-4799
                                        vwang@nrdc.org
                                        Counsel for Plaintiff

14